UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KADAR A. HARRIS,

                Plaintiff,

-against-

EMMANUEL LEWIS,

                Defendant.

22-CV-6953 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. By order dated August 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without payment of the filing fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Kadar A. Harris, who resides in New York, New York, brings this complaint against Defendant, who Plaintiff asserts also resides in New York, New York, *see* ECF No. 2 at 4, alleging that, on August 15, 2021, Defendant assaulted him, causing him multiple injuries. The following allegations are taken from Plaintiff's complaint. Plaintiff, who was working for Uber Technologies, drove his car to West 53rd Street, between 8th and 9th Avenues, in New York, New York, to make a food delivery. Before Plaintiff exited his vehicle, which was double parked, he observed Defendant riding his bike at a high rate of speed, heading toward Plaintiff's vehicle. Defendant stopped his bike just short of hitting Plaintiff's car. Defendant then made an obscene gesture to Plaintiff and his girlfriend, who was in the car with him. Defendant also shouted expletives at them. Defendant passed Plaintiff's vehicle, and Plaintiff then exited his

vehicle and proceeded to make his delivery. Plaintiff and Defendant, who remained in the area, exchanged angry words. Plaintiff completed his delivery and returned to his car. As he proceeded to open his car door, Plaintiff alleges that Defendant came up behind him and pushed him. After the push, Plaintiff turned around to confront the Defendant, and a physical altercation ensued. Plaintiff denies making any contact with the Defendant during the altercation, but he alleges that Defendant punched him in the mouth and spit in his face. At some point Defendant backed away, and Plaintiff took out his phone and called the police. While Plaintiff was speaking with the 911 operator, Defendant appeared again, rushing up to Plaintiff with an object in his hand, which he swung at Plaintiff, striking and breaking Plaintiff's hand. Plaintiff returned to his car for safety. The police arrived, and Defendant was arrested. Plaintiff seeks monetary damages for "pain, suffering, emotional distress, economic losses, unpaid medical bills, and future medical & rehab cost[s]." (ECF No. 2 at 6.).

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

3

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. Federal Question Jurisdiction is Lacking

Plaintiff fails to state a federal claim. To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff brings this complaint as a result of Defendant's assaulting and injuring him. Although Plaintiff invokes the Court's federal question jurisdiction, these facts do not suggest a federal cause of action. The only way that Plaintiff's allegations of assault would rise to the level of a federal claim is if the assault was perpetrated by a state actor. For example, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Here, Plaintiff fails to allege either state action or a violation of federal or constitutional law. Instead, Plaintiff is suing a private individual for assault, and he has not pleaded facts showing that his claim arises under federal law. There is, therefore, no basis for federal question jurisdiction.

### 2.      Diversity of Citizenship Jurisdiction is also Lacking

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action under 28 U.S.C. § 1332. To establish diversity jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

### B.      Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has not pleaded any facts suggesting that there is a basis for this Court to exercise jurisdiction, the defects in Plaintiff's complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] The Court's dismissal of this action does not preclude Plaintiff from pursuing his claims against Defendant in the appropriate state court.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   October 17, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                      Chief United States District Judge